**Curtis I. JONES, Plaintiff–Appellant,**

v.

**KILBOURNE MEDICAL LABORATORIES, d/b/a Dayton Medical Laboratories, Joseph A. Cogliano, and Paul Kilbourne, Sr., Defendants–Appellees.**

No. 01–3108.

United States Court of Appeals, Sixth Circuit.

May 17, 2002.

Before DAUGHTREY and MOORE, Circuit Judges, and ECONOMUS,\* District Judge.

PER CURIAM.

The plaintiff, Curtis Jones, appeals from the district court's grant of summary judgment to the defendants, Kilbourne Medical Laboratories, Joseph Cogliano, and Paul Kilbourne, on Jones's claim that racial discrimination was the basis for the company's decision to terminate him from his position as phlebotomy supervisor. Jones further contends that the district judge abused his discretion in declining to assert

---

\* The Hon. Peter C. Economus, United States District Judge for the Northern District of Ohio, sitting by designation.

jurisdiction over a state law cause of action for breach of contract that remained after the court rendered judgment on all other claims asserted in the plaintiff's amended complaint.

Specifically, Jones takes issue with the district court's conclusion that the plaintiff failed to establish a *prima facie* case of racial discrimination because the defendant replaced Jones, an African–American, with another African–American supervisor. According to Jones's argument, a genuine issue of fact remains in this case as to whether the African–American individual promoted to the supervisory position, Linda Burnside–Thompson, actually served as a supervisor—or only as a co-supervisor along with a white employee. In its extensive and well-reasoned memorandum opinion, the district court explained that any issue of fact in this regard is not "genuine." Paul Kilbourne, the ultimate decision-maker for the defendant company, clearly favored Burnside–Thompson for the position of supervisor and told her she would be occupying that role in the organization. Furthermore, Burnside–Thompson's own deposition testimony indicated that she accepted the job of "phlebotomy supervisor" and that Kilbourne specified that she, not the alleged "co-supervisor," was to serve in that capacity.

The record reflects certain unacceptable comments by and attitudes on the part of some of Jones's co-workers at Dayton Medical Laboratories, which obviously cannot be condoned and which we do not wish to be read as condoning. Nevertheless, the fact remains that Curtis Jones, in this case, failed to establish one prong of his *prima facie* case of racial discrimination when he could not prove that he was replaced by an individual not within a protected class. For the reasons thoroughly articulated by Judge Rice in his opinion of December 14, 2000, therefore, we AFFIRM the district court's order granting summary judgment to the defendants on the claim of racial discrimination.

On appeal, Jones also asserts that the district court should have chosen to exercise jurisdiction over the Ohio state law breach of contract claim that the district judge dismissed without prejudice. Unfortunately for Jones, however, the plaintiff's notice of appeal in this matter specifies that he appeals only "from the decision and entry of the District Court ... entered in this action on the 14th day of December, 2000, *to the extent that decision and entry granted summary judgment to Defendants.*" (Emphasis added.) Because the propriety of the district court's dismissal of the breach of contract claim was not, therefore, properly preserved for appeal, this matter cannot now be raised before this court.